**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4661**

———————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

HERIBERTO ORTIZ-MERCADO,

               Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00361-BO-1)

———————

Submitted: January 20, 2012      Decided: February 7, 2012

———————

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heriberto Ortiz-Mercado pled guilty to possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2) (2006). The district court sentenced Ortiz-Mercado to two months' imprisonment, to run consecutively to the sentence he was serving at the time of his offense. Ortiz-Mercado appeals, arguing that his sentence is substantively unreasonable. Finding the sentence substantively reasonable, we affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). If we find the sentence procedurally reasonable,[*] we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks omitted). A sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a) (2006). "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of

---

[*] Ortiz-Mercado does not challenge the procedural reasonableness of his sentence. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that party's failure to raise issue in opening brief results in abandonment of issue).

2

the district court.'" Pauley, 511 F.3d at 474 (quoting Gall, 552 U.S. at 51).

After a review of the record, we conclude that the district court's sentence was substantively reasonable. The court considered arguments from both parties regarding mitigating and aggravating sentencing factors, and it explicitly accounted for Ortiz-Mercado's serious illness in announcing its sentence. The district court did not act unreasonably in considering the need to punish Ortiz-Mercado's federal offense separately from administrative sanctions assessed by prison officials. Ultimately, we conclude the brief sentence imposed was not disproportionate with the § 3553(a) factors as a whole, and the district court's decision to impose a consecutive sentence amounting to one-third of the statutory maximum did not constitute an abuse of discretion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED